UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAROD BANKS, #571876,                         Case No. 2:20-cv-230

                          Plaintiff,           Hon. Jane M. Beckering
                                               U.S. District Judge
          v.

DUNCAN MARTIN, et al.,

                          Defendants.
_____/

## **REPORT AND RECOMMENDATION**

### I.    **Introduction**

   This Report and Recommendation (R&R) addresses the motion for summary

judgment filed by Defendant Corrections Officers (COs) Haskins and Caldwell.  (ECF

No. 23.)

   Plaintiff — state prisoner Sharod Banks — filed suit pursuant to 42 U.S.C. §

1983 on October 14, 2020 in the Eastern District of Michigan.  On November 16, 2020,

the Eastern District issued an order transferring Banks's case to this Court.  (ECF

No. 4.)  In his unverified complaint, Banks asserts that employees of the Chippewa

Correctional Facility (URF) in Kincheloe, Michigan, violated his Eighth Amendment

rights by allowing other inmates into his cell to sexually assault him, or by failing to

intervene when their subordinates allowed other inmates into his cell. (ECF No. 1,

PageID.7.)  On March 15, 2021, this Court issued an Opinion (ECF No. 12) and Order

(ECF No. 13) dismissing all but Banks's Eighth Amendment claims against COs Haskins and Caldwell[1] for allowing other inmates into Banks's cell.

Defendants now move for summary judgment (ECF No. 23), asserting that Banks did not properly pursue any grievances through Step III of the MDOC's process prior to filing suit and therefore failed to exhaust his administrative remedies (ECF No. 24, PageID.70-71).  Banks did not respond.  In his complaint, Banks indicated that the grievance he authored regarding his claims was rejected as vague.  (ECF No. 1, PageID.10.)  He further indicated that he appealed the grievance but was still waiting for a response.  (*Id.*, PageID.11.)

Because the record reflects that Banks did not exhaust his administrative remedies prior to filing suit, the undersigned respectfully recommends that the Court grant Defendants' motion for summary judgment and dismiss the case.

## II.    Factual Allegations

Banks says that on thirty-six occasions between June 9, 2020 and September 28, 2020, Defendants allowed other prisoners into his cell to sexually assault him. (ECF No. 1, PageID.7.)  He says that he has complained to supervisory staff, and filed a grievance, but that URF staff members dismissed his complaints.  (*Id.*)  According

---

[1]    It is worth noting that when Banks filled out the portion of his form complaint dedicated to defendants' information, the only Corrections Officers named as defendants were Haskins and Caldwell. (ECF No. 1, PageID.2-3.)  However, in the section of the form complaint dedicated to the facts underlying his claims, Banks identified "the accused" COs as Haskins, Caldwell, Wilson, and Willis.  (*Id.*, PageID.7.)  Nonetheless, the form complaint instructed Banks to attach additional pages for information regarding additional defendants, and he did not.  (*Id.*, PageID.2.)  And Banks did not bring this issue to light when the Court omitted Wilson and Willis from its previous Opinion (ECF No. 12) and Order (ECF No. 13).

2

to Banks, he has endured stress, humiliation, and "defamation of character" due to the assaults, as well as a bad tooth ache.  (*Id.*, PageID.8.)

### III.    Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005).  The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury[2] or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[2]    If defendants move for summary judgment on the basis of exhaustion under the PLRA, and the court determines that there is a genuine issue of material fact, the issue need not be submitted to a jury. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015). Instead, the court may conduct a bench trial to resolve the issue.  (*Id.*)  There, the defendants must show that the plaintiff failed to exhaust by a preponderance of the evidence.  *Id.* at 677 (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)) ("Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence."); *Richards v. Perttu*, No. 2:20-CV-76, 2022 WL 842654, at *1 (W.D. Mich. Mar. 22, 2022) (affirming that the proper standard for evaluating evidence in a bench trial on exhaustion is a preponderance of the evidence).

When a non-movant fails to respond to a motion for summary judgment, which is the case here, the Court must "examine the movant's motion for summary judgment to ensure that he has discharged his initial burden." *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998) (citing *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)).

## IV.    Exhaustion

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). "[W]here the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter*

4

*v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). To properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524. In the Court's view, this objective was achieved in three ways. First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 525. Second, "the internal review might 'filter out some frivolous claims.'" *Id.* (quoting *Booth*, 532 U.S. at

737*)*. And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id*. When institutions are provided adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 1:07-cv-004, 2007 WL 3244075, *5 (W.D. Mich., Nov. 1, 2007).

Michigan Dept. of Corrections (MDOC) Policy Directive 03.02.130 (effective March 18, 2019) sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.  Inmates must first attempt to informally resolve a grievable issue within two business days of becoming aware of the issue, unless prevented by circumstances beyond his or her control.  *Id*. at ¶ Q.  If informal resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted informal resolution.  *Id*. at ¶¶ Q, W.  The inmate submits the grievance to a designated Grievance Coordinator, who assigns it to a respondent.  *Id*. at ¶ W.  The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely.  Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included."  *Id*. at ¶ S (emphasis in original).

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten

business days of the response, or if no response was received, within ten days after the response was due.  MDOC Policy Directive 03.02.130 at ¶¶ U, DD.  The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for medical care grievances.  *Id.* at ¶ FF.

If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶¶ U, HH.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.*  The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ II.

When the grievance procedures are not available because the issue presented is non-grievable, exhaustion those procedures is not required.  It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well-known proverb states, they cannot have their cake and eat it too.").  However,

when other administrative remedies are available, the prisoner is required to exhaust those remedies prior to filing a federal lawsuit.

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit.  *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010).  The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief.  *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process.").  An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits.  *See id*. at 325.   We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court."  *Id*. at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).[3]

---

[3]    In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints."  *Id*. at 596.  For example, grieving a doctor about his failure to give cardiac catheterization failed to grieve the claim that the doctor erred by not prescribing Ranexa.

## V.    Analysis

Defendants' position here is straightforward.  A review of Banks's Step III Grievance Report (ECF No. 24-3) reflects that from January 1, 2015 to March 18, 2021, Banks did not appeal even one grievance through all steps of the process set forth in MDOC P.D. 03.02.130; therefore, he failed to exhaust his administrative remedies (ECF No. 24, PageID.71).  Although Banks indicates that he filed a grievance and took additional measures to seek help with regards to the conduct underlying his claim, he does not assert that he was thwarted from utilizing the grievance process.[4]  (ECF No. 1, PageID.9-11.)  In fact, Banks says that he has submitted a Step II appeal, but has yet to receive a response.  (*Id.*, PageID.11.)  As such, there are no genuine issues of material fact regarding whether Banks exhausted his administrative remedies prior to filing suit; he did not.  And, because exhaustion is a precondition to filing suit, Defendants are entitled to summary judgment.  *Roberts v. Lamanna*, 45 F. App'x 515, 516 (6th Cir. 2002) (explaining that a plaintiff cannot exhaust administrative remedies "during the pendency of the action").

---

[4]    And, even if he had, Banks did not verify his complaint.  Therefore, the allegations in his complaint would not be sufficient to create a genuine issue of material fact.  Fed. R. Civ. P. 56(c)(1)(A) (explaining that a party may support their assertion that there is a genuine issue of fact with "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, or other materials").

## VI.    Recommendation

Because the record reflects that Banks did not exhaust his administrative remedies prior to filing suit, the undersigned respectfully recommends that the Court grant Defendants' motion for summary judgment and dismiss the case.


Dated:   March 29, 2022                              /s/ *Maarten Vermaat*
                                                      MAARTEN VERMAAT
                                                      U. S. MAGISTRATE JUDGE



## <u>NOTICE TO PARTIES</u>

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).